

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC 21  AM 11:23

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Irving J. Henry, husband of/and | * | Civil Action |
| Jennifer W. Henry; | * | |
| Joseph M. Duplessis, Sr., husband of/and | * | Docket: **06-11217** |
| Ann F. Duplessis; and | * | |
| Diane D. Dawson, Wife of/and Kenneth Webber, | * | |
| Individually and as representatives of all | * | |
| those similarly situated | * | Judge:  **SECT. F MAG 5** |
| | * | |
| versus | * | |
| | * | Magistrate: |
| Allstate Insurance Company | * | |

*********************************************

### CLASS ACTION PETITION FOR DAMAGES

The petition of Irving J. Henry, husband of/and Jennifer W. Henry, persons of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, and who were at all material times hereto the owners of the insured premises located at 7020 Cove Dr., New Orleans, LA 70126; Joseph M. Duplessis, Sr., husband of/and Ann F. Duplessis, persons of the full age of majority, domiciled in the Parish of Jefferson, State of Louisiana and who were at all material times hereto the owners of the insured premises located at 2658 Mexico St., New Orleans, LA 70122; and Diane D. Dawson, Wife of/and Kenneth Webber, persons of the full age of majority, domiciled in the Parish of Jefferson, State of Louisiana and who were at all material times hereto

Fee $350.
___ Process _laa(?)sms_
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No _____

the owners of the insured premises located at 6641 Marshall Foch St., New Orleans, LA 70124; all of whom were insured by defendant, Allstate Insurance Company, respectfully represents:

I.

The following party is made defendant in this suit:

A.  **Allstate Insurance Company** (hereinafter referred to as "Allstate"), a foreign insurer authorized to do and doing business in the Parish of Orleans, State of Louisiana, who was at all times material hereto the petitioners' insurance provider of homeowners' insurance.

II.

Jurisdiction is based on 28 U.S.C. 1332 (c) as Petitioners seek to certify a class involving class claims in excess of five million dollars against defendants domiciled outside the State of Louisiana.

III.

Plaintiffs propose to proceed on behalf of the following class of individuals:

*All holders of homeowner's policies issued by Allstate Insurance Company, or any of its subsidiaries, for property located in the State of Louisiana who suffered damages as a result of Hurricanes Katrina and Rita.*

IV.

At all material times hereto, defendant Allstate provided policies of insurance to Petitioners and the citizens of Louisiana purporting to provide coverage for losses to dwellings, personal property, and other structures for perils such as Hurricanes Katrina and Rita.

V.

Petitioners purchased policies of insurance from defendant, Allstate, paying the

2

premiums required by the contract, as well as abiding by all of the terms of the agreement with defendant, Allstate.

VI.

At all material times herein, Allstate utilized claims adjusting software provided by Marshall & Swift / Boeckh, Inc. (MS/B") known as IntegriClaim.

VII.

MS/B markets and sells IntegriClaim to building contractors, insurance companies and insurance adjusting firms for the purpose of estimating property damages.

VIII.

MS/B periodically publishes during different intervals over the course of the year an updated price list every quarter, specific to areas by zip codes, with the intention of matching the cost of actual construction materials and labor at the time of the loss sustained by an insured property owner at the loss location.

IX.

Integra MS/B's updated IntegriClaim price lists are provided to the users of the software whenever they are published.

X.

MS/B's IntegriClaim price list is composed of individual repair actions, broken down into different categories, with each of these repair actions and categories having for each a unit price that is adjusted quarterly by Integra MS/B, to reflect market conditions and inflation in the area being repaired.

XI.

IntegraMS/B, adjusts its IntegriClaim price lists for inflation due to the fact that when storms hit an area, scarcity of manpower and materials causes costs to skyrocket, and thus, IntegriClaim purports to fairly adjust prices to be relied upon by contractors, insurers and adjusters in settling and adjusting the claims of petitioners and those similarly situated.

XII.

Defendant Allstate acquired and utilized the IntegriClaim pricing software and price lists from MS/B for the purpose of settling and/or in adjusting the property damage claims of petitioners and those similarly situated resulting from Hurricanes Katrina and Rita. At all material times hereto, Defendant Allstate, used the IntegriClaim estimating software exclusively.

XIII.

Notwithstanding IntegriClaim's purported use of prices based upon market conditions, IntegriClaim's prices are in actuality marketlylower than those prices actually used in the construction industry.

XIV.

Notwithstanding IntegriClaim's purported Integra's use of prices based upon market conditions, IntegriClaim's prices are in actuality markedly lower than those used in other estimating programs, such as the "Exactimate" pricing software used by other insurance companies.

XV.

Notwithstanding Defendant Allstate's use of the IntegriClaim software and price lists, defendant Allstate has willfully, arbitrarily and capriciously adjusted IntegriClaim's already

reduced prices by further reducing the unit prices necessary to adjust the claims of their insureds.

XVI.

Defendant Allstate has altered the already reduced unit prices of MS/B's price lists so as to arbitrarily and capriciously reduce the value of those claims that Allstate was obligated to pay under their policies, by devaluing the extent of the cost to repair those damages associated with that loss, with the intent to give their insureds a much lower settlement than what IntegriClaim's already reduced pricing would otherwise provide.

XVII.

The reduction of unit prices is arbitrary and capricious and designed specifically to increase defendant Allstate's profits by paying its insureds less than industry standard for their damaged properties, all to the detriment of petitioners and those similarly situated.

XVIII.

Defendant Allstate has no rational or reasonable basis for further reducing the prices provided with IntegriClaim.

XIX.

Defendant Allstate is MS/B's biggest and principal user of its software in Louisiana, if not the entire country.

XX.

Defendant Allstate has engaged in fraud by arbitrarily and capriciously using an amount significantly lower than Interga MS/B's price lists in paying its insureds.

XXI.

At all material times herein, the aforementioned acts of Allstate constitute an arbitrary

and capricious failure of Allstate to properly adjust and pay the full value of their insureds' claims, as required by La.R.S. 22:658, thereby entitling Petitioners and all members of the class to damages, penalties and attorney fees pursuant to La.R.S. 22:658.

XXII.

At all material times herein, the aforementioned acts of Allstate constitute deceptive, fraudulent and unfair claims settlement practices as set forth in La.R.S. 22:1214 and thereby violations of Allstate's good faith duty to settle claims as required by La.R.S. 22:1220, thereby entitling Petitioners and all members of the class to their damages, penalties equal to two times said damages and attorney fees pursuant to La.R.S. 22:658 and 22:1220.

XXIII.

At all material times herein, the actions of Allstate with respect to their claim settlement procedures were so deceptive and misleading as to constitute fraud sufficient to vitiate the necessary consent of their insureds with regard to the settlement of their claims as set forth in La.C.C. article 1953 *et seq.* As such, Petitioners and all members of the class are entitled to damages and attorney fees pursuant to La.C.C. article 1958.

XXIV.

At all material times herein, Allstate defrauded Petitioners and all members of the class by arbitrarily devaluing the costs of the elements used by the IntegriClaim program such that Petitioners and all members of the class were and still are, being made unnecessarily reduced offers on their claims instead of receiving fair market valuations, making Allstate liable pursuant to La.C.C. articles 1958 and 2315 and La.R.S. 22:658 and 22:1220.

## XXV.

Plaintiffs and all those similarly situated are entitled to have this cause maintained as a class action for the following reasons:

(a) Defendants have acted on such grounds common to the class that declaratory relief would be appropriate.

(b) Requiring the institution of separate lawsuits would pose a serious risk of inconsistent adjudications and earlier separate determinations with a prejudicial effect on subsequent litigants.

(c) Prosecution of separate actions would pose a serious threat of substantially impeding the ability of class members to protect their interests.

(d) Any resistance of liability by the defendants would be applicable to all claims presented by all members of the class.

(e) There are common issues of law and fact that predominate over those issues that might pertain to individual cases.

(f) The class action is a superior procedural vehicle for the fair and efficient adjudication of this controversy, to wit:

(1) The vast majority of the class members have no interest in controlling the litigation;

(2) Such a method of proceeding would allow the Court to process all rightful claims in one proceeding;

(3) It is desirable to concentrate all the litigation in one forum; and

(4) Class litigation is manageable considering the opportunity to afford reasonable notice of significant phases of the litigation to class members and permit distribution of the recovery.

WHEREFORE, plaintiffs and all those similarly situated, pray that this matter be ordered to proceed as a class action; and after all legal delays and due proceedings are had, that there be judgment in favor of plaintiffs and against defendants for damages, trebled where allowed by law, all statutory penalties and attorney fees, together with legal interest thereon from date of

judicial demand until paid, for all costs of these proceedings and for all general and equitable relief as provided by law.

Respectfully submitted,

/s/ Gregory P. DiLeo

Gregory P. DiLeo (#4943)
Attorney at Law
300 Lafayette St., Suite 101
New Orleans, LA 70130
Telephone: 504-522-3456
Fax: 504-522-3888

- and –

*Val Patrick Exnicios (#19563)*
*Amy Fontenot (#28577)*
*Liska, Exnicios & Nungesser*
*Attorneys-at-Law*
*One Canal Place, Suite 2290*
*365 Canal Street*
*New Orleans, La. 70130*
*Telephone: 504-410-9611*
*Fax: 504-410-9937*

- and –

*Conrad S.P. Williams, III (#14499)*
*Joseph G. Jevic (#23145)*
*Melanie G. Lagarde (#28825)*
*ST. MARTIN & WILLIAMS*
*P.O. Box 2017*
*Houma, Louisiana   70361*
*Telephone: (985) 876-3891*

**Please Serve:**
**Allstate Insurance Company**
*Through the Louisiana Secretary of State*
*8549 United Plaza Blvd.*
*BATON ROUGE , LA 70809*