UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IRVING J. HENRY, ET AL. | * | CIVIL ACTION NO.: 06-11217 |
| | * | |
| VERSUS | * | JUDGE: FELDMAN (F) |
| | * | |
| ALLSTATE INSURANCE COMPANY | * | MAGISTRATE: CHASEZ (5) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**ALLSTATE INSURANCE COMPANY'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO TRANSFER FOR CONSOLIDATION**

Allstate Insurance Company ("Allstate") submits this Memorandum in Opposition to Plaintiffs' request to transfer the captioned case, *Henry*, to Section "L," for consolidation with *Gillard et al. v. American Security Ins. Co. et al.,* No. 06-7375. Allstate opposes the Plaintiffs' request on the grounds that if the captioned case is to be consolidated, it should be consolidated with *Aquilar et al. v. Allstate Fire & Cas. Ins. Co. et al.,* No. 06-4660, a case with which it has more in common than *Gillard* and the case which has the lowest docket number of the three.

**A.   BACKGROUND.**

On December 21, 2006, the plaintiffs, through their counsel, Gregory P. DiLeo, filed a "Class Action Petition for Damages," in the present action ("*Henry*"), seeking to proceed on behalf of: "All holders of homeowner's policies issued by Allstate Insurance Company, or any of its subsidiaries, for property located in the State of Louisiana who suffered damages as a

1

2

result of Hurricanes Katrina and Rita." (*See Henry* Petition, ¶ III.)  The gist of the plaintiffs' complaint is that Allstate acted improperly with respect to the adjustment and underpayment of their homeowners' insurance claims.

On January 16, 2007, the *Henry* plaintiffs filed a "Notice of Related Case," announcing that the captioned case is related to another Hurricane Katrina mass action, *Gillard et al. v. American Security Ins. Co. et al.,* No. 06-7375, Section L (Fallon).  Plaintiffs' counsel, Mr. DiLeo, is also counsel of record for these same Plaintiffs in the *Gillard* action.  In their Notice of Related Case, Plaintiffs argue that *Gillard* is related to *Henry* because both cases involve the adjustment practices of Allstate Insurance Company, as well as the same plaintiffs.[1] (*See* Plaintiffs' Memorandum Relating to Notice of Related Cases, pages 2 and 3.)

**B.    ARGUMENT.**

   **(1)    This Case Should Be Consolidated With *Aguilar et al. v. Allstate Fire & Casualty et al*, A Case To Which It Is More Closely Related Than *Gillard* and Which Has A Lower Docket Number.**

Plaintiffs assert that *Gillard* and *Henry* are related because both involve "the adjustment practices of defendant Allstate."  (*See* Plaintiffs' Memorandum Relating to Notice of Related Cases, page 3.)  Plaintiffs' interpretation of a "related case" under LR 3.1 is extremely broad.  As a practical matter, this Court interprets the term more narrowly, finding cases to be "related" for purposes of LR 3.1 only when the cases "share many parties, issues, and facts." *See,*

---

[1] As a preliminary matter, the timing of Plaintiffs' Notice of Related Cases raises a significant question. LR 3.1 requires counsel to notify the court of any related cases of which he is aware at the time he files the Petition commencing the action.  Plaintiffs' counsel was certainly aware of *Gillard* when he filed the Petition initiating the captioned case, since he represents plaintiffs in both cases, yet he failed to notify the Court of the relationship when he filed the Petition and waited three weeks before taking any action to do so.  This was perhaps oversight, but the circumstances might also suggest that plaintiffs were forum shopping.

2

77485

Our File:  14,677

*e.g., Shadow Lake Management Co., Inc. v. Landmark,* No. 06-4357, 2007 WL 203971, at *1 (Jan. 24, 2007, E.D. La.).

Under this Court's interpretation of LR 3.1, the issues and facts of the captioned case, *Henry*, are not related as closely to *Gillard* as to another putative class action pending before this Court: *Aquilar et al. v. Allstate Fire & Casualty Ins. Co., Allstate Ins. Co., et al.,* No. 06-4660, Section F (Feldman). Specifically, both *Henry* and *Aguilar* contain allegations of a deliberate and fraudulent "scheme," by defendant Allstate Insurance Company and its subsidiaries, to delay, deny, or underpay insurance claims through the widespread and systematic use of below market unit pricing. *Compare Aquilar* Petition, No. 06-4660 ("wrongful scheme to delay, deny or underpay claims by repeatedly utilizing below market unit pricing and nonpayment or intentional underpayment of industry standard items") *with Henry* Petition, No. 06-11217 ("reduction of unit prices is arbitrary and capricious and designed specifically to increase defendant Allstate's profits by paying its insureds less than industry standard for their damaged properties").

Because *Henry* and *Aguilar* have similar issues, allegations and facts, as well as the same defendants, the cases are sufficiently "related" for purposes of Local Rules 3.1. Based on a comparison of the subject matter and allegations, *Henry* is more closely related to *Aguilar* than *Gillard*. For this reason, if the captioned case is to be consolidated pursuant to LR 3.1 and 3.1.1, it would be more appropriately consolidated with *Aguilar* than with *Gillard*.

To the extent the Court considers *Henry* sufficiently related to both *Aguilar* and *Gillard* for purposes of consolidation, *Henry* must be consolidated with *Aguilar* instead of

3

*Gillard* since *Aguilar* has the lowest docket number of the three cases: *Aguilar* is docket number 06-4660, *Gillard* is docket number No. 06-7375; and *Henry* is docket number 06-11217. (See LR 3.1.1 ("all actions described in LR 3.1 shall be transferred to the section to which the matter having the lowest docket number has been allotted . . . ."(emphasis added.)). Because both *Henry* and *Aguilar* are pending in this Court, no transfer is necessary. To the extent that consolidation with *Gillard* is also appropriate, *Gillard* should be transferred here.

**C.    CONCLUSION**

For the reasons set forth above, Allstate opposes the Plaintiffs' request to transfer the captioned case to Section "L" for consolidation with *Gillard.* In addition, Allstate respectfully submits, as set forth more fully above, that if the captioned case is to be consolidated at all, it should be consolidated with *Aquilar*, a case to which it is related within the meaning of LR 3.1 and 3.1.1.

                    Respectfully submitted,

                    */s/ Bailey H. Smith*
                    _____
                    Judy Y. Barrasso, 2814
                    Bailey H. Smith, 27906
                        Of
                    BARRASSO USDIN KUPPERMAN
                        FREEMAN & SARVER, L.L.C.
                    909 Poydras Street, Suite 1800
                    New Orleans, Louisiana 70112
                    Telephone:  (504) 589-9700

                    Attorneys for Defendant
                    Allstate Insurance Company

77485
Our File:  14,677

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Opposition to Plaintiffs' Motion to Transfer for Consolidation on behalf of Defendant, Allstate Insurance Company, has been served upon all counsel of record by filing with the Court's electronic filing system or, for non-participants, by placing same in the United States mail, postage prepaid and properly addressed, this 12th day of February, 2007.

/s/ Bailey H. Smith
_____

77485

Our File: 14,677