UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRVING J. HENRY, husband of/and JENNIFER W. HENRY, JOSEPH M. DUPLESSIS, SR., husband of/and ANN F. DUPLESSIS, and DIANE D. DAWSON wife of/and KENNETH WEBBER, individually and as representatives of all those similarly situated,<br><br>Plaintiffs,<br><br>VERSUS<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 06-11217<br><br>JUDGE:  MARTIN L.C. FELDMAN<br><br>MAGISTRATE:  ALMA L. CHASEZ |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
AND MOTION TO STRIKE CLASS ALLEGATIONS**

Defendant Allstate Insurance Company ("Allstate") respectfully submits this memorandum of law in support of its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and its motion to strike Plaintiffs' class allegations pursuant to Rule 23(d)(4). Plaintiffs' Petition is wholly inappropriate for class treatment under Rule 23. At its core, the Petition attempts to allege that Allstate failed to properly adjust and pay Hurricane Katrina and Rita related property damage claims by improperly estimating the actual market cost

1

of construction materials.  Resolution of such questions will necessarily involve a detailed inquiry into the individualized facts of each purported class member's unique property damages, which will overwhelm any arguably common issues.  Accordingly, the class claims should be stricken.  *See Spiers v. Liberty Mut. Fire Ins. Co.*, No. 06-4493, 2006 U.S. Dist. LEXIS 95248 (E.D. La. Nov. 21, 2006) (Feldman, J.) (striking class claims in Katrina property damage case).

Plaintiffs' substantive allegations fare no better.  The Petition does not contain allegations sufficient to establish standing or to state a claim.  Plaintiffs fail to specifically allege that the named Plaintiffs suffered *any* injury to their property, let alone that Allstate insufficiently compensated them for construction and materials or that they are even members of the purported class they seek to represent.  And, in any event, Plaintiffs have failed to state a claim under Louisiana's bad faith statutes because they have not alleged an underlying breach of insurance contract claim -- which is a prerequisite to the statutory claim.  Nor can Plaintiffs state a proper fraud claim here because Louisiana's statutory bad faith penalties preempt all other "tort-like" extra-contractual claims.

Finally, each of the named Plaintiffs (three married couples) are also plaintiffs in another action that was filed against Allstate, making claims for the same property damage under the same homeowners insurance policies (albeit under different damage theories): *Gillard et al. v. American Security Ins. Co. et al.,* No. 06-7375, Section L, pending before Judge Fallon.  Filing multiple lawsuits for the same claims constitutes impermissible claims splitting.  On these grounds alone, this action should be dismissed.

## BACKGROUND

Plaintiffs allege that they own property in Louisiana that was insured by Allstate. (Petition at Introductory Paragraph.) Plaintiffs' Petition does not explicitly allege that the named Plaintiffs' insured properties suffered damage as a result of either Hurricane Katrina or Rita, let alone that Allstate improperly adjusted claims for property damage. Plaintiffs' Petition seeks to proceed on behalf of: "All holders of homeowner's policies issued by Allstate Insurance Company, or any of its subsidiaries, for property located in the State of Louisiana who suffered damages as a result of Hurricanes Katrina and Rita." (*Id.* ¶ III.) The gist of the broad allegations in Plaintiffs' Petition is that Allstate acted improperly with respect to the adjustment and payment of their homeowners' insurance claims by using certain software known as IntegriClaim ("Software"). (*Id.* ¶¶ VI-XIV.) Based on the use of this Software, Plaintiffs allege that Allstate has violated the bad faith provisions of Louisiana's Insurance Code. (*Id.* ¶¶ XXI-XXII, XXIV (citing La. Rev. Stat. §§ 22:658, and 22:1220).) Plaintiffs also appear to allege common law fraud claims based on the same alleged use of the Software. (*Id.* ¶¶ XX, XXIII.)

## ARGUMENT

**I.   Plaintiffs' Class Allegations Fail As A Matter Of Law And Must Be Stricken Because Individualized Inquiries Predominate.**

Plaintiffs' Petition is plainly insufficient to meet the requirements of Fed. R. Civ. P. 23. It is well-settled that Plaintiffs cannot convert an individual action into a class action merely by styling it as such in the pleadings. *See*, *e.g.*, *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999) (recognizing that the court should not "blindly rely on

conclusory allegations which parrot Rule 23 requirements and . . . may consider the legal and factual issues presented by the plaintiff's complaints") (citation omitted). Rather, to maintain a class action under Rule 23(b)(3), plaintiffs must show: (1) that common questions predominate over any questions affecting only individual members ("predominance"), and (2) that class resolution is superior to other available methods for the fair and efficient adjudication of the controversy ("superiority"). *Washington v. CSC Credit Servs.*, 199 F.3d 263, 265 (5th Cir. 2000). Predominance is "more demanding than the commonality requirement" and if a class would result in a series of individual trials, the requirement cannot be satisfied. *Maldonado v. Ochsner*, 237 F.R.D. 145, 152 (E.D. La. 2006) (Feldman, J.).

Plaintiffs' Petition makes clear that individual issues will predominate over common ones, destroying any possibility of properly certifying a class here. By Plaintiffs' own admission, the only common questions of law and fact that supposedly unite the proposed claims of the class is the fact their homes were allegedly damaged by Hurricanes Katrina or Rita and that Allstate used the Software in adjusting their claims resulting in alleged underpayment of those claims. (Petition ¶¶ III, XII, XVII, XXI-XXIV.) Rhetoric aside, the determination of such questions will necessarily involve an intensive review of the individual facts of each Plaintiff's damage claim, including the nature and extent of damage, the timing and adjustment of each class member's claim, the source of the data used to prepare the damage estimates, the precise market conditions at the time each class member's damages were assessed, how much each class member was paid for his claim and for what damage, and whether that amount was sufficient and

timely. Due to the highly individualized nature of these inquiries, class treatment would be inappropriate and the class allegations should be stricken.[1]

Indeed, Plaintiffs' purported class allegations here fail for the same reasons that the class allegations failed and were stricken by this Court in *Spiers*, a very similar case with nearly identical allegations to those alleged in this case. *Spiers*, 2006 U.S. Dist. LEXIS 95248. In *Spiers*, the named plaintiff's home was damaged in Hurricane Katrina and he filed a class action complaint against his insurer alleging that it had engaged in a "corporate scheme and pattern and practice of bad faith and improper claims handling." *Id.* at *1-2. The insurer moved to strike the class allegation in the complaint. This Court granted that motion after determining that the plaintiff could not satisfy the requirements of Fed. R. Civ. P. 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." *Id.* at *3. In so doing, this Court stated:

> [w]hile [defendant's] general procedures for adjusting claims might arguably be common to all claims, **demonstrating a wrongful pattern and practice of failing to adjust claims will require an intensive review of the individual facts of each class member's damage claim**, including the nature and extent of damage, the timing and adjustment of each class member's claim, how much each class member was paid for his claim and for what damage, and whether that amount was sufficient and timely.

*Id.* at *4-5 (emphasis added).

---

[1] There are additional reasons why class treatment is wholly improper here, including, for example, inadequacy of representation, among other things. Should this Court not strike the class allegations, Allstate reserves all of its rights to raise additional arguments and objections to any subsequent attempt by Plaintiffs to certify this action as a class action.

77980

The reasons for striking the class claims in *Spiers* apply with equal force to Plaintiffs' class claims here. The individual inquiries regarding the extent of each putative class member's covered losses, the amount and timing of any payments made, and the sufficiency of those payments destroys any prospect of predominance as required by Rule 23. *Spiers*, 2006 U.S. Dist. LEXIS 95248 at *4-5. Accordingly, "individual questions pertaining to each class member overwhelm any common issues, making the claims inappropriate for class treatment," and the class allegations should be stricken. *Id.*; *see also*; *see also Pollet v. Travelers Prop. Cas. Ins. Co.*, No. 01-863, 2001 U.S. Dist. LEXIS 19673 at *6-7 (E.D. La. Nov. 16, 2001) (class certification inappropriate in an action alleging that insurer failed to adequately compensate policyholders for hailstorm property damages because of the need for individualized proof on thousands of separate insurance claims and properties).

In addition to the rationale laid out in *Spiers*, the claims here also are particularly inappropriate for class treatment under Rule 23 because in this case the thrust of Plaintiffs' allegations are that the under-adjustment of claims was due to the alleged failure of Allstate to properly estimate the market prices of construction materials used in repairing damaged properties. (Petition ¶ VIII, XIII.) In a similar case, Judge Trimble of the Western District of Louisiana recently struck class action allegations where the claims at issue also involved the need to examine actual market prices for construction materials compared to the insurer's estimate of the cost of those materials. *John v. National Sec. Fire & Cas. Co.*, Case No. 06-

77980

1407, 2006 U.S. Dist. LEXIS 80627 at *12-15 (W.D. La. Nov. 3, 2006) (Trimble, J.). Judge Trimble aptly reasoned:

> Furthermore, as to Plaintiff's claims for damages for under adjustment of unit prices because of the supply and demand problem after Hurricanes Katrina and Rita struck Louisiana, a factual inquiry would have to be made into each putative class member's claims, such as where and when materials and supplies were being purchased, what was the market price at that time, and when did the price of materials and supplies decrease. Accordingly, the motion to dismiss the class allegations will be granted.

*Id.* at *14-15. Likewise, here these highly individualized questions regarding the purchase of each and every putative class member's construction materials vastly overwhelms any common questions and destroys any possibility of predominance.

It is well-established, as this Court recognized in *Spiers* and Judge Trimble recognized in *John*, that courts can and should strike class allegations under Rule 23(d)(4) where, as here, the plaintiff fails to meet its burden of pleading the minimum facts necessary to establish the existence of a class satisfying Rule 23's prerequisites. *Id.; Spiers*, 2006 U.S. Dist. LEXIS 95248 at * 3-4; *see also, e.g., Hedgepeth v. Blue Cross and Blue Shield of Mississippi*, No. 05-142, 2006 WL 141624, (N.D. Miss. Jan. 18, 2006) (noting that Fifth Circuit has upheld the power of district courts to dismiss class allegations prior to any extensive class related discovery taking place); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) (recognizing that federal courts use motions to strike to test the viability of a class at the earliest pleading stage of the litigation) (collecting cases); *Ross-Randolph v. Allstate Ins.*, 2001 U.S. Dist. LEXIS 25645, at *21-22 (D. Md. May 11, 2001) (striking class allegations in an action based on the wrongful denial of benefits because the cause of each plaintiff's damages and whether each

plaintiff was entitled to relief required individualized inquiries); *J.B. v. Valdez*, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999); *Lumpkin v. E.I. Du Pont De Nemours & Co.*, 161 F.R.D. 480, 481-82 (M.D. Ga. 1995) (denying certification of a class based on plaintiff's pleadings, without requiring the defendant to respond to class discovery).[2]

Not surprisingly, other courts facing the issue of class claims in the wake of Hurricane Katrina related litigation also have recognized the fundamental problem with lawsuits, such as this one, and have too rejected class action treatment. *See Comer v. Nationwide Mut. Ins. Co.*, 2006 U.S. Dist. LEXIS 33123 at *6, *9 (S.D. Miss. Feb. 23, 2006) (denying motion for leave to file amended complaint seeking class action against insurers by homeowners seeking coverage from damages from Hurricane Katrina because no two property owners would have suffered the same loss and each individual claim would require particular evidence to establish the cause and extent of loss); *Guice v. State Farm Fire & Casualty Co.*, 2006 U.S. Dist. LEXIS 57571 at *13-14 (S.D. Miss. Aug. 14, 2006) (agreeing with the *Comer* court that "[i]n sum, under the particular circumstances of hurricane loss cases, 'I do not believe that a class action of this nature is a superior method of resolving the issues that will arise.'").

Applying these principles and precedent here, the class allegations in the Petition should be stricken.

---

[2] *See also* 5 Moore's Federal Practice, § 23.60[3] (Matthew Bender 3d ed. 1997) ("if the court determines from the pleadings that the case should not proceed as a class action, then Rule 23(d)(4) permits the court to order that the pleadings be amended to eliminate allegations regarding the representation of absent persons, and that the action proceed accordingly as a non-class action").

77980

**II.     The Petition Fails To Establish That Named Plaintiffs Were Injured, And That They Are Members Of The Class They Seek To Represent.**

Plaintiffs' bare bones Petition is so lacking in detail that it does not even explicitly allege that the named Plaintiffs' properties suffered damages from Hurricane Katrina or Rita. Nor does the Petition explicitly allege that the named Plaintiffs filed a claim with Allstate for payment of any such damage, or that Allstate failed to fully compensate such a claim (assuming the existence of any such claim, which again, is not even alleged in the Petition). Such allegations do not suffice to establish that Plaintiffs have standing. Further, while it could, of course, be presumed that Plaintiffs intended such allegations, given the general nature of the Petition here, where Plaintiffs are attempting to assert broad Rule 23 class claims, such lack of detail in the Petition as to the named Plaintiffs is wholly improper, as it is not even plain from the Petition that the named Plaintiffs are even part of the class they are purporting to represent.

It is fundamental law that the burden of proving jurisdiction, including the constitutional requirements of standing, is on the plaintiff. *See, e.g., Webb v. City of Dallas*, 314 F.3d 787, 791 (5th Cir. 2002) ("Standing to sue is the 'core of Article III's case-or-controversy requirement, and the party invoking jurisdiction bears the burden of establishing its existence.' To invoke federal jurisdiction, the [plaintiffs] are required to allege facts demonstrating that they have suffered an injury-in-fact . . . .") (quotations and citations omitted); *see also Grant v. Gilbert*, 324 F.3d 383, 386 (5th Cir. 2003) (same) (citing, *e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). This prerequisite applies equally to putative class actions. *Grant*, 324 F.3d at 390 ("A plaintiff who never had standing to pursue the full claims of the class lacks a

9

personal stake in litigating certification.") (citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 357 (1996).[3]

Here, because the named Plaintiffs have failed to allege that they suffered any injury-in-fact, their Petition should be dismissed for lack of standing. *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 458 (5th Cir. 2005) (citations, quotations, and footnotes omitted) (reversing and remanding for dismissal of action for lack of subject matter jurisdiction since plaintiff failed to establish that at the time it filed its complaint it had suffered any injury-in fact); *Arbaugh v. Y&H Corp.*, 163 L. Ed. 2d 1097, 1109-10 (U.S. 2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court ***must dismiss*** the complaint") (emphasis added); *see also Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); Fed. R. Civ. P. 12(h)(3).

### III. Plaintiffs' Louisiana's Bad Faith Statutory Claims Fail As A Matter Of Law Because Plaintiffs' Have Not Even Attempted To Allege Any Underlying Breach Of Insurance Contract Claim, Which Is A Prerequisite.

In order to state a statutory bad faith claim under La. Rev. Stat. 22:658 or 22:1220, a plaintiff must "first show that he has a 'valid, underlying, substantive claim upon which insurance coverage is based.'" *Riley v. Transamerica Ins. Group Premier Ins. Co.*, 923 F.

---

[3] *See also Arguello v. Conoco, Inc.*, 330 F.3d 355, 361 (5th Cir. 2003) ("If a litigant is unable to establish standing, he may not seek relief on behalf of any party."); *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) (stating that standing is an "inherent prerequisite to the class certification inquiry"); *Johnson v. City of Dallas, Texas*, 61 F.3d 442, 445 (5th Cir. 1995) ("If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.") (quotation omitted).

Supp. 882, 888 (E.D. La. 1996) (quoting *Clausen v. Fidelity and Deposit Co. of Md.*, 660 So.2d 83, 85 (La. Ct. App. 1995)). Here, Plaintiffs have not even attempted to allege such a breach of insurance contract claim in their Petition. Accordingly, because Plaintiffs have not alleged a breach of insurance contract claim, their bad faith statutory claims, which are contingent upon the breach of insurance contract claims, fail as a matter of law. *See Spiers*, 2006 U.S. Dist. LEXIS 95248 at *7-8 (dismissing bad faith claims for failure to allege predicate breach of insurance contract claim); *see also Riley*, 923 F. Supp. at 888, *supra*; *Clausen*, 660 So.2d at 85 (noting that the bad faith statutes are to be strictly construed, and "do not stand alone" but only provide a cause of action against an insurer if there is a "valid, underlying, insurance claim."); *see also Times Picayune Publ. Corp. v. Zurich Am. Ins. Co.*, 2004 U.S. Dist. LEXIS 5721 at *7 (E.D. La. Apr. 2, 2004) ("If Zurich has not breached the contract, it ***cannot be held liable*** for bad faith breach of contract . . . or breach of the implied covenant of good faith and fair dealing. . . .") (emphasis added).

Furthermore, even if Plaintiffs argue that such a predicate claim is somehow implicit in their Petition—which it is not—such a claim would fail as a matter of law anyway since the Petition clearly has not alleged the requisite specific policy provision that was allegedly breached. *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) ("To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision," affirming dismissal of action pursuant to Fed. R. Civ. P. 12(b)(6) since the plaintiff failed to cite any policy provision that the insurer breached) (quotation omitted, citing

11

*Bergeron v. Pan Am Assur. Co.*, 731 So.2d 1037, 1045 (La. Ct. App. 1999)); *see also Spiers*, 2006 U.S. Dist. LEXIS 95248 at *7-8.  Accordingly, Plaintiffs' bad faith statutory claims should be dismissed.

**IV.     Plaintiffs' Purported Fraud Claims Also Fail As A Matter Of Law, And Are Insufficiently Pled Under Rule 9(b) Of The Federal Rules Of Civil Procedure.**

Louisiana law provides that the statutory bad faith remedies available under Sections 22:658 or 22:1220 of the Louisiana Revised Statutes are the *exclusive* list of "extra-contractual or tort-like" claims actionable against an insured for a breach of its duty of good faith and fair dealing.  *Robin v. Allstate Ins. Co.*, 870 So.2d 402, 408 (La. Ct. App. 2004) (agreeing with Allstate's argument that these statutes "provide an exclusive list of the extra-contractual or tort-like claims actionable against an insurer") (quotation omitted).  Thus, Plaintiffs' attempted claims for fraud based on allegations of the use of the Software in the claims adjusting process are preempted by Louisiana Rev. Stat. §§ 22:658 and 22:1220, and should be dismissed with prejudice, as there is no set of facts under which Plaintiffs could state a legally cognizable fraud claim that is not preempted.

Additionally, even if Plaintiffs fraud claims were not preempted, they would fail in any event because they are not pled with the requisite particularly required by Rule 9(b) of the Federal Rules of Civil Procedure.  *See, e.g., Norman v. Apache Corp.*, 19 F.3d 1017, 1022-23 (5th Cir. 1994) (affirming dismissal of fraud claim and stating: "Rule 9(b) of the Federal Rules of Civil Procedure requires that in all averments of fraud, 'the circumstances constituting the fraud or mistake shall be stated with particularity.'") (quoting Rule 9(b), internal emphasis omitted).

12

Under Rule 9(b), a plaintiff must "plead enough facts to illustrate the who, what, when, where, and how of the alleged fraud." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (affirming dismissal of claim for failure to comply with requirements of Rule 9(b)) (quotation and internal punctuation omitted).  Plaintiffs have not done so.

Here, Plaintiffs merely allege that Allstate used the Software (Petition ¶¶ VI, XII), that Allstate allegedly lowered the default unit prices provided by the Software's manufacturer (*id.* ¶ XVI-XVII), and that this somehow resulted in a fraud.  (*Id.* ¶ XX.)  But notably, nowhere in their Petition do Plaintiffs allege that Allstate misrepresented a fact relating to Allstate's alleged use of the Software, nor do Plaintiffs allege that Allstate failed to disclose a material fact regarding the Software in a circumstance where Allstate had a duty to speak.  Plaintiffs also do not allege that they relied on any such misrepresentation or omission.  Reliance and a misrepresentation or omission are, of course, required elements of a common law fraud claim under Louisiana law.  *See, e.g., Calcasieu Marine Nat'l Bank v. Grant*, 943 F.2d 1453, 1460 (5th Cir. 1991).  For all of these reasons, Plaintiffs' attempted fraud claim should be dismissed.

**V.     This Action Should Be Dismissed Because These Same Plaintiffs Sued Allstate In A Separate Action For The Same Damage To The Same Properties, Under An Alternate Theory of Recovery.**

Prior to filing this suit, the six named Plaintiffs here (three married couples) had already brought another action against Allstate to recover payment for the same property damage at issue, pursuant to the same underlying homeowners insurance policies:  *Gillard et al. v. American Security Ins. Co. et al.,* No. 06-7375, Section L (pending in this Judicial District before Judge Fallon).  *Gillard* was filed on August 28, 2006 in the Civil District Court for the Parish of

Orleans, by the same counsel representing all plaintiffs here. That case was removed to the Eastern District of Louisiana on October 5, 2006. Months later, on December 21, 2006, the same plaintiffs' attorneys filed this action.

In this case, Plaintiffs purport to assert claims against Allstate for bad faith and fraud for unpaid damages relating to property damage resulting from Hurricane Katrina. Likewise, in *Gillard*, plaintiffs asserted homeowners' claims for unpaid damages from the hurricane. While the claims in *Henry* are presented under different theories than the claims in *Gillard*, it is undeniable that the claims in both actions arise out of the same transaction, namely the plaintiffs' homeowners insurance claims with Allstate.

The doctrine of claims preclusion prevents claims splitting and requires all causes of action arising out of the same transaction or occurrence to be asserted in a single case. *See* L.A. Rev. Stat. 425 ("A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."); L.A. Rev. Stat. 13:4231(2) ("If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.")

Plaintiffs have attempted to circumvent the rule against claims splitting by filing two separate suits and requesting that this case be transferred and consolidated with *Gillard*.[4]

---

[4]   On January 16, 2007, Plaintiffs filed a Motion to Transfer, requesting to transfer this case for consolidation with *Gillard*. It is Allstate's position that this case should <u>not</u> be transferred and consolidated with *Gillard*. Rather than transferring any case, this case should simply be dismissed because Plaintiffs' filing of individual claims in *Gillard* and

Consolidation is not a remedy for claims splitting. The doctrine of claims preclusion demands that a plaintiff seek all relief and assert all rights which arise out of the same transaction **in one single action**, and consolidation does not operate to combine two separate lawsuits into one single action. *See*, *e.g.*, *McKenzie v. U.S.*, 678 F.2d 571, 574 (5th Cir. 1982) ("[C]onsolidation does not cause one civil action to emerge from two"). Accordingly, because this action represents an impermissible attempt at claims splitting, it should be dismissed in its entirety, with prejudice.

Further, the splitting of claims between *Gillard* and *Henry* is particularly egregious in light of the fact that the named plaintiffs are seeking to represent a class in this litigation. *See*, *e.g.*, *Kidd v. Andrews*, 340 F. Supp. 2d 333, 336 (W.D.N.Y. 2004) (enjoining plaintiff from prosecuting class action as a named plaintiff where plaintiff filed an individual action prior to the commencement of the class action); *see also Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed.") (citations omitted, emphasis in original). Moreover, it is an inherent conflict of interest for purported class representatives to also be pursuing their own individual claims in a separate action. *See*, *e.g.*,

---

later filing class claims here in a separate lawsuit constitutes impermissible claim-splitting and requires dismissal of this action in its entirety.

However, as Allstate has argued in its opposition to Plaintiffs' request to transfer and consolidate, if this case is to be consolidated with any case, it should be *Aquilar et al. v. Allstate Fire & Casualty Ins. Co., Allstate Ins. Co., et al.,* No. 06-4660, Section F (Feldman), because both this case and *Aguilar* contain purported (albeit, deficient) allegations regarding an alleged deliberate and fraudulent "scheme," by Allstate to use below market unit pricing, and *Aguilar* was filed first. *See* L.R.3.1.1E.

*Kamerman v. Steinberg*, 113 F.R.D. 511, 516 (S.D.N.Y. 1986) (granting motion to deny class certification with respect to two named plaintiffs where "prosecution of both a derivative and class action by [these plaintiffs] present[ed] an impermissible conflict of interest").

## CONCLUSION

For all of the foregoing reasons, this Court should grant Defendant Allstate Insurance Company's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, to strike Plaintiffs' class allegations pursuant to Rule 23(d)(4).

Respectfully submitted,

/s/ Judy Y. Barrasso

---

Judy Y. Barrasso, 2814
Bailey H. Smith, 27906
   Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Defendant Allstate Insurance
  Company

## **C E R T I F I C A T E**

I hereby certify that on February 21, 2007, I electronically filed the foregoing Defendant's Memorandum of Law in Support of its Motion to Dismiss and Motion to Strike Class Allegations with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

- **Gregory Pius DiLeo**
  gdileoatty@aol.com,gdileosecretary@aol.com,dileog@bellsouth.net
- **Val Patrick Exnicios**
  vpexnicios@exnicioslaw.com,bsergi@exnicioslaw.com,afontenot@exnicioslaw.com
- **Amy Collins Fontenot**
  afontenot@exnicioslaw.com,bsergi@exnicioslaw.com,vpexnicios@exnicioslaw.com
- **Joseph G. Jevic , III**
  jjevic@crescent-farm.com,stmartinwilliams@crescent-farm.com
- **Melanie G. Lagarde**
  mlagarde@crescent-farm.com,therron@crescent-farm.com,mhebert@crescent-farm.com
- **Conrad S. P. Williams , III**
  duke525@msn.com,therron@crescent-farm.com,mhebert@crescent-farm.com

There are no manual recipients listed on the Court's Electronic Mail Notice List.

_____

77980