UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IRVING HENRY, et al.                                CIVIL ACTION

VERSUS                                              NO. 06-11217

ALLSTATE INSURANCE COMPANY                          SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiffs' motion to transfer pursuant to Local Rule 3.1. For the reasons below, the motion is DENIED.

As a practical matter, this Court interprets the term "related case" for purposes of Local Rule 3.1 to include cases that "share many parties, issues, and facts." Shadow Lake Management Co. v. Landmark, No. 06-4357, 2007 WL 203971, at *1 (E.D. La. Jan. 24, 2007)(Berrigan, C.J.). Six plaintiffs filed this suit to represent their claims, individually and on behalf of other similarly situated, against Allstate Insurance Company, alleging that it used a computer program common to the insurance industry to calculate standards for materials and labor used in repairs, but reprogrammed the software to lower these standards with the purpose of undervaluing insurance claims after Hurricane Katrina. The plaintiffs wish to consolidate this matter under the local rules with Gillard, et al. v. American Security Insurance Company, et

1

al., No. 06-7375, which is assigned to another Section of this Court.  In that case, the same plaintiffs' counsel joined over fifty plaintiffs and eighteen defendant insurers and agents in one lawsuit.  The Gillard plaintiffs accuse insurers and agents of bad faith claims-handling in the handling of each of their individual claims.  Although the six plaintiffs in Henry are also named among the fifty plaintiffs in Guillard, the Court does not find that transfer or consolidation under the local rules is appropriate at this time because the cases do not share the same issues or facts.  Examining Allstate's global practices regarding pricing would only work to confuse the individual issues of bad-faith claims-handling directed at multiple other insurers and agents.

Accordingly, the plaintiffs' motion to transfer is DENIED.[1]

New Orleans, Louisiana, March 8, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] This Court also declines to entertain the defendant's request to consolidate this matter with Aguilar, et al. v. Allstate Fire & Casualty Insurance Co., et al., No. 06-4660 (E.D. La.)(Feldman, J.).  On March 6, 2007, the Court granted the defendants' motion to strike class allegations and granted in part the defendants' motion to dismiss.  Only the plaintiffs' individual breach of contract claims remain, making that case resemble closely the claims in Gillard.  For the same reasons, this case is now inappropriate for consolidation with Aguilar.